## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEAFUEH MONBO and
JUAHDI MONBO,

    Plaintiffs,

    v.

UPPER CHESAPEAKE MED. CNTR, INC.,
HARFORD MEM. HOSPITAL, INC.,
ESKINDER AFEWORK,
DEREK ANDREW McCOY,
LAURENCE MARC EDELMAN,
NICK NIKOLAOS T. LOMIS,
ASHLEY KIMBEL,
REBECCA N. SMITH,
DANA M. SAULSBURY,
ADAM ROSENBLATT,
BRIAN GREGORY LAROCCO,
UNION HOSP. OF CECIL CO., INC.,
CHRISTIANA CARE HEALTH SVCS, INC.,
BRITTNI D. JONES,
TIMOTHY CLARKE,

    Defendants.

Civil Action No.: CCB-21-4
(Related Case: CCB-20-3403)

## MEMORANDUM

The plaintiffs, Deafueh Monbo and Juahdi Monbo, brought this action against their medical

providers on January 5, 2021. (ECF 1). They raise claims for false imprisonment (invoking 42

U.S.C. § 1983); violation of 18 U.S.C. § 241 (conspiracy against rights); violation of 18 U.S.C. §

242 (deprivation of rights under color of law); malpractice and/or failure to adequately assess risk;

negligence and negligence per se; respondeat superior for negligence; intentional infliction of

emotional distress; negligent infliction of emotional distress; medical assault and battery; civil

conspiracy; defamation; violation of Md. Code Ann., Health–Gen. Tit. 10 (Mental Health law);

malice; breach of fiduciary duty; and interference with contractual and business relations. The

factual allegations underlying their claims are very similar to those raised by plaintiff Deafueh

Monbo in a previously dismissed lawsuit. (*See* ECF 1, Compl. at ¶¶ 89–92). *See also Monbo v.*

*Upper Chesapeake Med. Ctr., Inc.*, CCB-20-cv-3403 (D. Md. Dec. 2, 2020). That complaint was

dismissed sua-sponte for lack of subject-matter jurisdiction. *See id.* at ECF No. 4.

      Now pending before the court are several motions directed at the plaintiffs' complaint in

this action. (*See* ECF 7; ECF 10; ECF 14; ECF 21). These motions assert, among other arguments,

that the plaintiffs' complaint should be dismissed because this court still lacks subject matter

jurisdiction over the asserted claims, and because the plaintiffs have failed to comply with Federal

Rule of Civil Procedure 8(a)'s requirement to provide a short and plain statement of a claim

entitling the plaintiffs to relief and have failed to state a claim upon which relief may be granted.

The motions have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D.

Md. 2021). For the reasons stated herein, the defendants' motions will be granted, and the

complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## STANDARD

      A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted

"only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail

as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff

bears the burden of proving that subject matter jurisdiction exists. *Piney Run Preservation Ass'n*

*v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). When a defendant

challenges subject matter jurisdiction, the court may "regard the pleadings as mere evidence on

the issue and may consider evidence outside the pleadings." *Blitz v. Napolitano*, 700 F.3d 733, 736

n.3 (4th Cir. 2012) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff fails to state a claim upon which relief may be granted when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must "accept the well-pled allegations of the complaint as true," and "construed the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). At the same time, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ANALYSIS

Federal courts are courts of limited jurisdiction and possess the power to hear cases only as authorized by the Constitution and the laws of Congress. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Congress has conferred on the federal district courts original jurisdiction over civil actions which raise a federal question. *See* 28 U.S.C. § 1331. Federal courts also have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 dollars and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332; *see also See Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005) (complete diversity of citizenship is required). Additionally, "in any civil action of which the district courts have original jurisdiction," they also "shall have supplemental jurisdiction over all other claims" that are sufficiently related to the claims over which the court has original

jurisdiction. 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, the plaintiffs, who are residents of Maryland (*see* ECF 1 at ¶¶ 7–8), assert primarily state law claims against a host of defendants, all but one of whom are residents of Maryland (*see id.* at ¶¶ 9–20, 22–23). Therefore, the court does not have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The plaintiffs do raise claims under three federal statutes, however, which is sufficient to confer federal question jurisdiction under 28 U.S.C. § 1331.

It is another question, though, whether those federal claims are viable. The alleged violations of §§ 241 and 242 fail because there is no private right of action to enforce the federal criminal laws. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in the prosecution or non-prosecution of another); *see also Lewis-Davis v. Balt. Cnty. Pub. Schs. Infants & Toddlers Program*, No. ELH-20-0423, 2021 WL 1720235, at * 17 (D. Md. Apr. 30, 2021) (no private cause of action under 18 U.S.C. § 241); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (no private cause of action under 18 U.S.C. §§ 241 and 242). As a result, plaintiffs' claims under these statutes are insufficient as a matter law.

Next, the plaintiffs allege a violation of their rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) he or she suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). A person acts under color of state law when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"

4

*Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (quoting *West*, 487 U.S. at 49). This requires that "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Id.* (internal quotation marks omitted). Private conduct will not be deemed state action "unless the state has so dominated such activity as to convert it to state action." (internal quotation marks omitted). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009). The United States Court of Appeals for the Fourth Circuit is clear that private hospitals and their personnel are not state actors. *See S.P. v. City of Takoma Park, Md.*, 134 F.3d 260, 268–69 (4th Cir. 1998).

Though the plaintiffs state in a conclusory fashion that these defendants "acted under color of law," this allegation appears to be based, at most, on the plaintiffs' belief that the defendant hospitals are state actors. (*See, e.g.*, ECF 1, Compl. at ¶ 75 (defendants "were acting under the color of law in that each of the Defendants was an employee and/or contracted agent of Upper Chesapeake"); *see also id.* at ¶¶ 76, 78–80). But there are no allegations in the complaint which plausibly establish this is so. All named defendants appear to be private hospitals—Upper Chesapeake Medical Centers, Inc., Harford Memorial Hospital, Inc., Union Hospital of Cecil County, Inc., Christiana Care Health Services, Inc.—and health care providers employed by those hospitals. The plaintiffs' use of the term "under color of law" is a legal conclusion that does not illuminate whether the underlying claims involved state action, a necessary element to state a federal constitutional claim. Without any allegations which plausibly demonstrate the defendants acted under color of law, the plaintiffs have failed to state a claim under 42 U.S.C. § 1983. Further, in their response to the various motions to dismiss, the plaintiffs appear to concede that their complaint lacks sufficient allegations of state action; rather than directly oppose the motion or point to allegations in their complaint which demonstrate state action, the plaintiffs seek leave to

amend to "add specificity" regarding "the circumstances giving rise to the Defendants' being State Actors" and to add a racial discrimination claim. (ECF 26 at 1).

The plaintiffs, however, already were on notice from the dismissal of their earlier complaint in 20-cv-3403 that they needed to plead state action in order to support a federal claim. They have not done so nor, in their request to amend, do they offer any specific indication of what facts they could allege to establish that any defendant is a state actor or how the newspaper article they cite would support a cognizable racial discrimination claim. Another opportunity to amend would unduly burden the defendants and this court.

Accordingly, to the extent the plaintiffs attempt to state a federal claim, they have failed to do so. Those claims will be dismissed, and the court declines to exercise supplemental jurisdiction over the remaining state law claims.

A separate Order follows.

_8/23/21_
Date

_____
Catherine C. Blake
United States District Judge

6